FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2006 JUL 21  PM 4:27

IN THE UNITED STATES DISTRICTCOURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CAROLINE P. AYRES | ) |
| | ) |
| Appellant, | ) |
| | ) |
| .v. | ) |
| | ) |
| EASTERN SAVINGS BANK | ) |
| | ) |
| Appellee | ) |
| | ) No. 06-000338 SLR |
| | ) On Appeal from Bankruptcy |
| | Case No. 05-20034 |

## MOTION FOR STAY OF SHERIFF'S SALE AND FOR SANCTIONS

COMES NOW the Appellant, Caroline P. Ayres, and hereby moves for an Order staying a sheriff's sale scheduled for August 8, 2006 and for sanctions. As grounds, Appellant states the following:

1. A Sheriff's sale is scheduled for the property that forms the basis of the present appeal on August 8, 2006.

2. Unless the Sheriff's sale is stayed until a determination on the Appeal, Appellant's Appeal would be rendered moot. See In Re Vetter Corp., 724 F.2d 52 ( CA ILL. 1983). Appellant asserts that an appeal of an Order

authorizing the sale of property, must be stayed pending an appeal, otherwise the issue becomes moot on appeal. See 11 U.S.C. Section 363 (m) (1982)

3. This Court has "inherent power ...to preserve the status quo, where, in its sound discretion, the Court deems the circumstances justify". See Fed.R.Civ. P. 62 ( c).

4. In order to preserve the status quo in the present case, a stay of the Sheriff's sale must be granted, or Appellant will be irreparably harmed by the illegal sale of her property.

5. Absolute probability of success is not required in order to grant a stay pending an appeal of an issue, where denial of the stay would have utterly destroyed status quo, irreparably harming Appellant, with relatively slight harm to Appellee. See AARP v. EEOC, 390 F.Supp. 2d 437 (E.D. PA. 2005); Fed Rules Civ. Pro. R. 62(c).

6. In the present case, Eastern already has a secured lien on the property in question, with an interest accruing judgment. No harm would come to Eastern if the Sheriff's sale is delayed. Contrary, if allowed to proceed with the Sheriff's sale, Appellant will be forever robbed of her residence. A stay would also do no harm to the public interest.

7. Furthermore, mediation took place regarding the present case on or about July 11, 2006 with the purpose of trying to settle Appellant's property issues, without the need for a Sheriff's sale.

8. However, Eastern Savings Bank violated mediation rules/order, and procedure by not having any one with settlement authority available at the mediation, rendering mediation a futile effort.

9. Appellant avers that, stay should be granted in the present case, if for no other reason, than to sanction Eastern for violating mediations rules/order, and procedure. See Richards v. Foulk, 345 So. 2d 402 ( Fla. App. 1977).

10. If Eastern had not violated mediation rules, Appellant asserts that this case could have settled.

11. As additional grounds, Appellant incorporates by reference her Motion to Stay Sheriff's Sale, In The Alternative, To Remand Case Back To Delaware Superior Court; and Debtor's Motion to Vacate, In the Alternative, To Modify the April 28, 2006 Modification of Relief From Stay Order and to Request An Accounting, filed with the U.S. Bankruptcy Court on or about May 11, 2006.

WHEREFORE, Appellant respectfully requests that the Court grant her Motion to Stay Sheriff's Sale and for Sanctions.

Dated: July 21, 2006

Caroline P. Ayres
P.O. Box 85
Wilmington, DE 19899

## CERTIFICATE OF SERVICE

I, Caroline P. Ayres, Debtor, do hereby certify that I have caused to be mailed copies of the attached Motion for Stay of Sheriff's Sale Stay and for Sanctions on July 21, 2006 to the below-mentioned person(s):

John R. Weaver, Jr.
P.O. Box 510
914 Walnut Street
Wilmington, DE 19899

Michael Joseph, Esquire
Chapter 13 Trustee
824 North Market Street
Suite 904
P.O. Box 1351
Wilmington, Delaware 19899

Dated: July 21, 2006

_Caroline P. Ayres_
Caroline P. Ayres
1 Gwynedd Lane
Hockessin, DE 19707